The lessor of the plaintiff deducted title as follows: In the year 1772 one Joseph Sutton devised the land in controversy to his son, Benjamin Sutton, who died intestate, leaving Granberry Sutton his heir at law. Granberry Sutton died in the year 1795, after making his will, in which he devised the land to the lessor of the plaintiff, who was his daughter. The Suttons had possessed and cultivated the land for many years. The defendant objected to the lessor of the plaintiff's recovery on this evidence, as no grant from the State for the land had been exhibited. Whereupon she produced in evidence a deed for the said land from her deceased husband, Jesse Ives, and herself to one James Leigh, under whom the defendant claimed, in which deed there was the following (180) recital, "it being a part of the land formerly Granberry Sutton's deed, and fell to the said Martha H. Ives, by heirship from her father, the said Granberry Sutton." This deed, the lessor of the plaintiff contended, was void as to her, for want of her private examination thereto, though as she alleged it conveyed the interest of her husband in the land, and the recital therein estopped the defendant from denying her title under her father, Granberry Sutton. The only evidence of the acknowledgment and probate of the said deed as to the lessor of the plaintiff was the following certificates, endorsed upon the deed, to wit:
"Perq. Co. Court — February Term, 1820.
"This deed of sale, Jesse Ives and wife, to James Leigh, was duly acknowledged in open court and ordered to be registered; at the same time Thomas Long and James Summer, Esq'rs, were appointed to take the private examination of Martha Ives, wife of said Jesse, separate and apart from her said husband, touching her signature to the said deed, and report accordingly. Test. JOHN WOOD, Cl'k."
"Pursuant to the commission to us directed, we, the undersigned, have proceeded to examine Martha H. Ives, as touching her signature to the within deed, and on examination she says she signed the within deed of sale freely and voluntarily, and without any fear or constraint of her said husband, or any other person.
"Given under our hands and seals this 15th day of February, 1820.
 THO. LONG. (Seal) JAMES SUMNER. (Seal)" *Page 143 
It was proved on the part of the defendant that the 15th day of February, 1820, was during the session of the county court of Perquimans, at the February Term of that year.
Under the instructions of his Honor the jury returned a verdict for the lessor of the plaintiff, and the defendant appealed.
The deed from Jesse Ives and wife, although void as to the lessor of the plaintiff, passed to Leigh under whom the defendant claims that interest in the land derived to the husband from his wife; and is an acknowledgment of the defendant, that Granberry Sutton had an estate of inheritance in the land, and that he derived title to the same as coming from the said Sutton, the identical person from whom the lessor now derives her title. Both parties claim directly from Granberry Sutton, and it is not competent to either as such claimant, to deny that he had title. Murphy v. Barnett, 1 Car. Law Repos., 105.
On the second point, the cases cited for the plaintiff's lessor, show clearly that the deed from Ives and wife to Leigh, is void as to the wife. The certificate of the commissioners does not show, nor is there any record produced that she was privately examined. The law has not been complied with and the defendant must fail on this ground. Burges v. Wilson, 2 Dev. Rep., 306; Lucas v. Cobbs, ante, 1 vol., 228; Fenner v. Jasper. ib., 34. Judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Love v. Gates, post; Gilliam v. Bird, 30 N.C. 283; Long v.Orrell, 35 N.C. 127; Copeland v. Sauls, 46 N.C. 73; Johnson v. Watts,id., 230; Worsley v. Johnson, 50 N.C. 74; Spivey v. Jones, 82 N.C. 181;Christenburg v. King, 85 N.C. 234; Curlew v. Smith, 91 N.C. 179; Ryanv. Martin, id., 469; Bonds v. Smith, 106 N.C. 565; Collins v. Swanson,121 N.C. 68. *Page 144 
(182)